## Brut, Administrator, v. Brut

*Duffy, McTighe & McElhone*, for plaintiff.
*Smillie, Bean & Scirica*, for defendant.

KNIGHT, P. J., November 5, 1951.—This case arose upon the filing on January 8, 1951, of a complaint in trespass by Walenty Brut, as administrator of the estate of Sophie M. Brut, deceased, against John W. Brut for injuries suffered by Sophie M. Brut while a

passenger in the automobile of John W. Brut, which injuries led to her death.

On March 19, 1951, the Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company filed a petition and rule for declaratory judgment naming as respondents both Walenty Brut and John Brut. This petition sought to have determined the rights and status of the parties under a contract of insurance. On March 29, 1951, while the rule to show cause why the above proceedings in the death action should not be stayed was pending, plaintiff caused judgment for want of an appearance and answer to be entered against John W. Brut. As a consequence, the Pennsylvania Threshermen's Insurance Company, on April 5, 1951, filed a petition and rule to intervene and to open judgment.

The case was placed on the argument list and the parties proceeded to take depositions. In so doing, an agent of the Pennsylvania Threshermen's Insurance Company was called as on cross-examination. Counsel for the company objected to this procedure. At the time for argument of the above rules, the only question argued before the court was the propriety of calling the agent as on cross-examination.

The procedure for calling those with adverse interest to testify as on cross-examination is set forth in the Act of May 23, 1887, P. L. 158, as amended by the Act of March 30, 1911, P. L. 35, 28 PS §381. This act provides that a: ". . . director or other officer of a corporation or joint stock or other association which is a party to the record, or for the immediate benefit of which such proceeding is prosecuted or defended . . . may be compelled by the adverse party to testify as if under cross-examination."

In Payne v. East Liberty Spear Company, 323 Pa. 100, the court held it error to permit cross-examination of a corporation's credit manager where he was

not a director or officer. In Amsterdam v. E. I. du Pont de Nemours Powder Company, 62 Pa. Superior Ct. 314, the court held that it was not error to refuse to permit a superintendent of one of the plants of defendant company to be called as for cross-examination where there was nothing to show that the witness was a director or officer of the company.

The witness called here as on cross-examination was an agent of the Pennsylvania Threshermen's Insurance Company. Normally, an agent is neither a director nor an officer of an insurance company. There being no showing that he was either a director or an officer of that company, the refusal to allow the agent to testify was proper and justified under the law.

Counsel for respondent, John Brut, contends that they were permitted to call the agent of the insurance company by virtue of the section of the Act of 1887 which permits such calling of: "(a) anyone with an interest adverse to the party calling him."

It is argued that the agent has an adverse interest to respondent, John Brut, for if it is determined that he failed to give notice of the loss to the company he may become personally liable to the company for the dereliction of his duty as agent.

Counsel has cited in support of his contention Dinger v. Friedman et al., 279 Pa. 8, and quoted extracts from the opinion. The language of the court must be considered in the light of the facts of that case which are materially different from the facts in the case at bar.

The court said:

"The interest of the person called must be involved in the event of the suit in the sense that, by operation of the judgment there entered, either a legal right of liability of the witness will be acquired, lost, or materially affected."

The operation of any judgment rendered in this case will not directly affect the agent of the company. In the event that the insurance company seeks to hold him liable it must be through a separate and independent procceding.

We are of the opinion that the adverse interest of a witness which permits him to be called for cross-examination is a direct interest in the outcome of the suit in which he is called. If an indirect, contingent and supplementary interest was the criterion, then any employe or agent may be called for cross-examination on the ground that in the event of a judgment against his employer or principal, he might lose his position or job or otherwise suffer financial loss.

And now, November 5, 1951, the objection made to calling the agent of the Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company for cross-examination is sustained.